AO 91 (Rev. 08/09) Criminal Complaint

FILED by DB D.C.
SEP 10 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – FT. LAUD.

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

United States of America
v.
CHARLES NESMITH, MICHAEL SMARTS and
WILLIE ANTWAINE PUGHSLEY

*Defendant(s)*

Case No. 13-6423-Hunt

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 30, 2013 to September 9, 2013__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C 846, 841(a)(1) and 841(b)(1)(B) | Conspiracy to distribute cocaine base, commonly referred to as crack cocaine |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Complainant's signature*

Special Agent William Reinckens, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 09/10/2013

*Judge's signature*

City and state: Fort Lauderdale, FL

PATRICK M. HUNT, U.S. MAGISTRATE JUDGE
*Printed name and title*

**AFFIDAVIT**

I, William B. Reinckens, being duly sworn, hereby state as follows:

1. I am a Special Agent of the Drug Enforcement Administration (DEA) assigned to the Miami Field Division in Miami, Florida. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). I have been a Special Agent with DEA since January 2011. I have received training on the subjects of narcotics trafficking and money laundering from the DEA and have been personally involved in investigations concerning the possession and distribution of controlled substances, as well as methods used to finance drug transactions and launder drug proceeds. Prior to joining DEA, I was employed as a police officer by the Metropolitan Police Department in Washington D.C. for approximately five years.

2. I submit this affidavit based on information known to me personally from the investigation, as well as information obtained from others who were directly involved in the matter or have personal knowledge of the facts herein. The affidavit does not include all the information known to me, but only information sufficient to establish probable cause for the arrests of Charles NESMITH, Michael SMARTS and Willie Antwaine PUGHSLEY for violation of Title 21, United States Code, Sections 846, 841(a) (1) and 841(b)(1)(B), conspiracy to distribute more than 28 grams of cocaine base, commonly referred to as crack cocaine.

3. In July 2013, a Broward Sheriff's Office (BSO) Confidential Source (CS) advised that Charles NESMITH (NESMITH) was involved in the illegal distribution of crack cocaine. As a result, an investigation commenced into the narcotics trafficking activities of NESMITH. The investigation involved the use of the CS who made five (5) purchases of crack cocaine.[1] All of the transactions except the purchase that occurred on July 30, 2013 were recorded.

---

[1] Each of the substances purchased field tested positive for cocaine. The field test kit used does not distinguish between powder cocaine and cocaine base or crack cocaine. The substances bought by the CS were not in powder form but, instead, had a hard texture.

Page 1 of 4

4. On or about July 30, 2013, the CS received approximately one gram of crack cocaine from NESMITH in exchange for a payment of $100.00 while inside the residence located at 340 NW 6th Street, Apartment #2, Pompano Beach, Broward County, Florida. During a debriefing of the CS following the purchase of crack cocaine from NESMITH's apartment, the CS reported seeing an AK-47 style rifle and a shotgun leaning against a wall inside NESMITH's bedroom.

5. On or about August 9, 2013, the CS arranged the purchase of $1,500.00 of crack cocaine from NESMITH during a telephone conversation. NESMITH advised the CS that the crack cocaine the CS wanted would be arriving momentarily at NESMITH's residence located at 340 NW 6th Street, Apartment #2 in Pompano Beach. Law enforcement subsequently established surveillance and observed a silver Chevrolet Malibu arrive at the 340 NW 6th Street, Apartment #2, Pompano Beach residence. A black male later identified as Michael SMARTS[2] (SMARTS) exited the Chevrolet Malibu and entered NESMITH's apartment. SMARTS was observed carrying a brown bag into NESMITH's apartment. SMARTS departed NESMITH's apartment without the brown bag shortly after arriving. The CS later arrived at NESMITH's residence located at 340 NW 6th Street, Apartment #2, Pompano Beach where the CS paid NESMITH $1,500.00 for approximately 20 grams of crack cocaine inside a brown bag.

6. On or about August 22, 2013, the CS placed a telephone call to NESMITH and arranged to purchase $1,500.00 of crack cocaine. Law enforcement had established surveillance of the 340 NW 6th Street, Apartment #2, Pompano Beach residence prior to the CS calling NESMITH to order the crack cocaine. The CS arrived at NESMITH's apartment minutes after placing the telephone call. The CS entered NESMITH's apartment and was informed by NESMITH the crack cocaine the CS ordered would be delivered shortly. Approximately one hour later, law enforcement conducting surveillance observed the same silver Chevrolet Malibu seen on August 9, 2013 arrive at NESMITH's apartment. SMARTS exited the Chevrolet Malibu and entered NESMITH's apartment. SMARTS delivered to the CS approximately 11 grams of crack cocaine and the CS paid $1,000.00 to NESMITH. SMARTS

---

[2] The CS and a BSO detective that drove the CS to and from the 340 NW 6th Street, Apartment #2, Pompano Beach residence to buy crack cocaine identified SMARTS from a Florida Department of Motor Vehicles photograph.

explained to the CS that SMARTS needed to retrieve the remaining $500.00 of crack cocaine and would return to NESMITH's apartment to complete the transaction with the CS. SMARTS exited NESMITH's apartment, returned to the silver Chevrolet Malibu and departed followed by law enforcement conducting surveillance. Surveillance units followed SMARTS to 2621 NW 13 Street, Pompano Beach, Broward County, Florida. SMARTS was observed walking to the rear of this residence, retrieving a set of keys from his pocket, and entering the rear door. Approximately ten minutes later, SMARTS emerged from the rear of the 2621 NW 13 Street Pompano Beach residence, re-locked the door and returned to the silver Chevrolet Malibu. Surveillance by law enforcement followed SMARTS to NESMITH's residence located at 340 NW 6th Street, Apartment #2 in Pompano Beach. SMARTS emerged from the Malibu and entered NESMITH'S apartment. The CS advised SMARTS broke a whole "cookie" of crack cocaine into two pieces. One half of the crack cocaine "cookie" weighing approximately nine grams was given to the CS by SMARTS for a payment of $500.00 and the other half of the crack cocaine "cookie" was provided to NESMITH by SMARTS. Law enforcement subsequently surveilled SMARTS drive back to the residence located at 2621 NW 13th Street in Pompano Beach.

7. On or about September 5, 2013, the CS received approximately 37 grams of crack cocaine from NESMITH and Willie Antwaine PUGHSLEY[3] in exchange for a payment of $2,500.00 while inside the residence located at 340 NW 6th Street, Apartment #2 in Pompano Beach.

8. On or about September 9, 2013, the CS arranged the purchase of $2,500.00 of crack cocaine from NESMITH. Law enforcement earlier had established surveillance and observed SMARTS depart from the house located at 2621 NW 13 Street in Pompano Beach and drive directly to NESBITT's apartment in the same silver Chevrolet Malibu SMARTS was seen by law enforcement previously driving on August 9 and 22, 2013. SMARTS and the CS arrived simultaneously at NESMITH's residence located at 340 NW 6th Street, Apartment #2 in Pompano Beach. SMARTS exited the Chevrolet Malibu and SMARTS and the CS entered NESMITH's apartment. SMARTS

---

[3]PUGHSLEY's name was learned when a police officer approached PUGHSLEY subsequent to the September 5, 2013 transaction and asked him to produce photo identification.

delivered to the CS approximately 33 grams of crack cocaine and the CS paid $2,500.00 to NESMITH inside NESMITH's residence located at 340 NW 6th Street, Apartment #2 in Pompano Beach.

9.  Based upon these facts, your affiant maintains that probable cause exists to believe that Charles NESMITH, Michael SMARTS, and Willie Antwaine PUGHSLEY did knowingly and willfully conspire to distribute more than 28 grams of crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B).

Further your affiant sayeth naught.

WILLIAM B. REINCKENS
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Sworn and subscribed to before me this 10th day of September, 2013.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE